UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

STEVEN BANDHAUER,

    Plaintiff,

V.

LEXINGTON-FAYETTE URBAN
  COUNTY GOVERNMENT,

    Defendant.

Civil Action No. 5: 17-333-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Steven Bandhauer has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court conducts a preliminary review of Bandhauer's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Bandhauer's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Bandhauer is presently confined at the Fayette County Detention Center in Lexington, Kentucky. He indicates that on June 18, 2017 during an evening shift in the kitchen, female officer J. Bishop directed a group of inmates to move into the "stripout room." Once there, she ordered the inmates to remove all of their clothing, to lift their "privates," and to bend over and cough. Bandhauer alleges that she also made comments that were "way out of line." As a result,

he states that he felt embarrassed. [R. 1 at 2-4] This incident was reported to Captain Jones, the jail's Internal Affairs / PREA Investigator, who concluded on July 10, 2017, that there was a foundation for the allegation of misconduct and referred the matter to the Director of the jail for further consideration. [R. 1-1] Bandhauer contends that the officer's actions violated his rights under the Fourteenth Amendment and the Prison Rape Elimination Act, 42 U.S.C, § 15601, et seq. ("PREA"), and seeks unspecified punitive damages. [R. 1 at 4, 8]

The Court has thoroughly review plaintiff's complaint, but concludes that it must be dismissed. First, Bandhauer has named the Lexington-Fayette Urban County Government ("LFUCG") as the sole defendant in this action. But to state a viable claim against a county for a violation of civil rights, the plaintiff must allege that those rights were violated because its employees were acting pursuant to and consistent with an established county policy or custom - a county "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). See *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Bandhauer makes no such allegation, and his complaint against LFUCG is therefore subject to dismissal on that ground alone.

In addition, Bandhauer asserts that LFUCG violated the PREA and the Fourteenth Amendment, but neither provides him with a viable claim. As to the former:

> The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 et seq. The statute does not grant prisoners any specific rights. In the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.

*Chinnici v. Edwards*, No. 1: 07-CV-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008). See also *Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 WL 902154, at *2 (M.D. Ga. Mar. 30, 2009) ("A reading of the Prison Rape Elimination Act makes clear that its goal is to lessen the

occurrence of rapes in prisons across this Country. Its focus concentrates on statistics, standards, developing information, and regulating federal funding in an effort to lessen prison rapes. Nowhere in the language of the Act can it be interpreted to create a private right which may be enforced in a § 1983 action."). When "the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Bandhauer there cannot assert any claim under PREA.

Bandhauer's reference to the Fourteenth Amendment appears to assert a claim that the officer's conduct violated his due process rights. But plaintiff's allegation of sexual misconduct is a conditions of confinement claim governed by the Eighth Amendment's prohibition against cruel and unusual punishment, not a due process claim. Where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). Because the Eighth Amendment is the proper vehicle to assert a claim related to the conditions of confinement, a due process claim under the Fourteenth Amendment fails as a matter of law, and must be dismissed. *Cf. Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002).

Even liberally construing Bandhauer's allegations as asserting an Eighth Amendment claim, that claim would fail for two reasons. First, while the officer's conduct might be deemed unprofessional or a violation of state law, not every malevolent touching by a prison guard,

3

sexual or otherwise, gives rise to a federal cause of action. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). When an inmate claims sexual harassment by a guard, the inmate must allege severe or repeated sexual abuse to satisfy the objective element of an Eighth Amendment claim. *Miller v. Coning*, No. 11-CV-377, 2011 WL 2708649 (D. Del. Jul. 12, 2011) (collecting cases). Here Bandhauer alleges only an isolated incident which was not sufficiently serious to implicate the Eighth Amendment. Cf. *Wade v. Cain*, No. 09-695-RET-CN, 2011 WL 612732, at *5 (M.D. La. Jan. 13, 2011); *Colston v. McLeod*, No. 2: 09-CV-240, 2011 WL 673941, at *5 (W.D. Mich. Feb. 17, 2011) ("Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain.").

Finally, federal law provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C, § 1997e(e). Bandhauer's indication that he suffered embarrassment as a result of the incident fails to satisfy this threshold requirement. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1999) ("[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case"); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). This bar applies to both statutory and constitutional claims. *Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). For each of these reasons, Bandhauer's complaint must be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Bandhauer's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated August 16, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY